IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIE B. GAINES                                                               PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:11cv727-DPJ-FKB

MARY RUSHING, et al.                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

      Plaintiff is a state inmate who was formerly housed at the Hinds County Detention Center (HCDC) in Raymond, Mississippi. He initially filed this as two separate § 1983 actions alleging unconstitutional conditions at the jail. Those actions have now been consolidated. Presently before the Court is the motion of Defendants for summary judgment. Plaintiff has not responded to the motion, Having considered the motion and the competent summary judgment evidence, the Court concludes that the motion should be granted in part and denied in part.

      A portion of Plaintiff's claims concern the period from October 13, 2011, to October 27, 2011, when he was housed as a pretrial detainee in the "holding tank" at HCDC. Plaintiff describes the holding tank as severely overcrowded. He estimated at the omnibus hearing that this area was fifteen feet by eighteen feet and that there were approximately twenty to twenty-five inmates being held there. According to Plaintiff, the cell was filthy. No mats were available for sleeping; rather, Plaintiff and the other inmates slept directly on a dirty concrete floor, which contained a drain with raw sewage. Because of the overcrowding, Plaintiff was forced to sleep under the edge of the toilet. As a result of sleeping on the floor, he developed back pain and bruises. Plaintiff contends that he was not provided with toilet paper and had to use his sleeping blanket to clean himself

after using the toilet. He was unable to shower for six days, and when he finally was allowed to go to the shower area, it was filthy and contained backed-up water and broken glass. Other complaints include general allegations of a lack of hot food and mismanagement of his medications. Finally, he states that prison officials taped paper over the window into the cell and that this posed a security issue, since officials could not see what was going on in the cell.

Pretrial detainees have a due process right not to be subjected to jail conditions that constitute punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). "Punishment" may be "the manifestation of an explicit policy or restriction." *Shepherd v. Dallas Cnty.,* 591 F.3d 445, 453 (5th Cir. 2009). It can also be manifested by a *de facto* policy if a pattern of conduct or condition is sufficiently extensive or pervasive such that intent to punish may be presumed. *Id.* at 452. Furthermore, the punishment is impermissible only if it bears no reasonable relationship to a legitimate governmental interest and if it causes a violation of a detainee's constitutional rights. *Duvall v. Dallas Cnty.,* 631 F.3d 203, 207 (5th Cir. 2011). A constitutional violation occurs when the complained of condition results in "serious deficiencies" in providing for the detainee's "basic human needs." *Shepherd*, 591 F.3d at 454. The Court concludes that Plaintiff's sworn statements concerning the conditions in the holding tank are sufficient to create a factual issue as whether those conditions constituted punishment and whether they resulted in serious deficiencies in the provision of Plaintiff's basic human needs.

The defendants against whom Plaintiff has alleged claims regarding his pretrial

2

detention in the holding cell are Mary Rushing, Malcolm McMillin, and Ogden Wilburn. These defendants argue that they are entitled to summary judgment because Plaintiff's allegations against them are limited to having complained to them about conditions. Rushing and McMillin cannot escape liability on that basis. Plaintiff has alleged that during the relevant time period, Rushing was the administrator of the detention center and McMillin was the Hinds County Sheriff. If Plaintiff can establish that there was a *de facto* policy of housing pretrial detainees under the conditions he describes, Rushing and McMillin may be held liable. Therefore, the motion will be denied as to Plaintiff's claims against these defendants concerning conditions in the holding tank.

However, Plaintiff's evidence, and the reasonable inferences therefrom, are not sufficient to create a factual issue as to Wilburn's liability. Plaintiff makes only general allegations that he wrote Wilburn and received no response. Plaintiff has not alleged or established that Wilburn had any authority concerning, or responsibility for, the conditions in the holding cell, or otherwise played a part in denying Plaintiff his basic needs. Accordingly, Wilburn is entitled to summary judgment on these claims.

Another portion of Plaintiff's claims are asserted against Defendants McMillin, Rushing, Wilburn, and Shannon Brumfield and concern the period from October 27, 2011, to January 26, 2012. On October 27, Plaintiff was moved from the holding tank to a housing unit because of the bruises and pressure points he had developed as a result of sleeping on the concrete floor in the holding tank. He complains that this unit, which housed violent offenders, was filthy and that because the unit was in lock-down, he was not allowed phone calls, canteen privileges, or yard call. Finally, Plaintiff states that the

3

food trays were not cleaned properly. These conditions, while unpleasant, do not indicate that there were serious deficiencies in the provision of Plaintiff's basic human needs. These claims fail as a matter of law.

Plaintiff's remaining allegations concern a seven-day period in March of 2012 when he was brought to HCDC at Raymond as a state inmate for a court appearance. He claims that he was placed in a dirty suicide cell with two other inmates. The cell had no running water and no toilet, and no bedding other than a mat was provided. Plaintiff also complains that the cell had live wires hanging from an exposed light socket, and that he was given no toothpaste, no toothbrush, and no toilet paper. Finally, he makes the same complaints as before concerning the food trays.

A convicted inmate's rights concerning prison conditions flow from the Eight Amendment and its prohibition on cruel and unusual punishment. In order to establish that the conditions under which he was housed constituted cruel and unusual punishment, an inmate must show that he was deprived of the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The conditions described by Plaintiff concerning his seven-day stay in the suicide cell do not rise to this level of severity. Accordingly, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claims.

Therefore, it is hereby ordered that the motion is denied as to Plaintiff's claims

against Defendants McMillin and Rushing regarding his two-week period in the holding tank. The motion is granted as to all other claims, and all remaining defendants are hereby dismissed.

So ordered, this the 23rd day September, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
