IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE B. GAINES                                                                                  PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 3:11cv727-FKB

MARY RUSHING, et al.                                                                         DEFENDANTS

### MEMORANDUM OPINION

Willie Gaines, a state inmate, brought this action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement while a pretrial detainee at the Hinds County Detention Center (HCDC).  The Court previously granted summary judgment on a number of claims.  Remaining are claims against Malcolm McMillan and Mary Rushing, who were, during the relevant time period, the sheriff of Hinds County and the administrator of HCDC, respectively.  These claims were tried before the Court on March 25, 2014.  Having considered the evidence presented at trial, the Court makes the following findings of fact and conclusions of law.

In his testimony, Gaines gave the following account of the incidents underlying his claims.  Gaines was booked into HCDC on or about October 13, 2011.  After going through routine booking procedures, he was placed in a severely overcrowded holding tank with approximately thirty or forty other inmates.  The area was so crowded that he was forced to sleep directly on the floor under the edge of the toilet.  The next morning, Gaines needed to use the restroom.  Because there was no toilet paper in the holding tank, he knocked on the door in an attempt to get the attention of the guards.  Instead of assisting Gaines, one of the guards placed tape over the glass in the door, blocking the view in or out of the area.  Because he had no toilet paper, Gaines was forced to use his

sleeping blanket to clean himself after defecating. He then had to continue using the blanket for sleeping. Gaines testified that he was held in the holding tank under these conditions for two weeks, during which period he was not allowed to take a shower. Finally, on or about October 27, 2011, Gaines was moved to a cell.

Plaintiff's only testimony concerning Defendants' involvement was that McMillin and Rushing failed to respond to complaints he made *after* he was moved out of the holding tank. He offered no evidence that they had any knowledge of the situation; neither did he present any evidence that the situation was frequent or ongoing, such that these officials could be charged with either actual or constructive knowledge. For this reason, the claims against McMillin and Rushing in their individual capacities were dismissed at the close of Plaintiff's case-in-chief.

Having carefully considered all of the evidence, the undersigned finds that neither is there any basis for holding Defendants liable in their official capacities, *i.e.*, for county liability. Defendant Rushing's testimony persuasively undermined Gaines's descriptions of conditions in the holding cell. Rushing explained that she routinely made daily rounds in the booking area and that she had never seen the holding cell with as many detainees described by Plaintiff or with detainees being required to sleep on the floor without mattresses. The Court finds that Gaines's testimony concerning the number of detainees in the cell and the conditions therein was not credible. Furthermore, even if Plaintiff's testimony were accepted as true, his official-capacity claims would nevertheless fail, as he presented no evidence that overcrowding and other problems in the holding cell were "so common and well settled as to constitute a custom that fairly represent[ed] the [county's]

2

policy." *Cox v. City of Dallas,* 430 F.3d 734, 748 (5th Cir. 2005).

Accordingly, the Court finds that Gaines has failed to establish a constitutional violation by Defendants or by Hinds County. A separate judgment in favor of Defendants will be entered.

SO ORDERED AND ADJUDGED, this the 7th day of April, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE